IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADVANCED PHYSICAL MEDICINE OF YORKVILLE, LTD., | |
| Plaintiff, | No. 22-cv-02982 |
| v. | Judge John F. Kness |
| CIGNA HEALTH AND LIFE INSURANCE COMPANY *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Advanced Physical Medicine of Yorkville, Ltd. brings this action against Defendants Cigna Health and Life Insurance Company, Inc. and Ritchie Bros. Auctioneers (America), Inc. under the Employee Retirement Income Security Act ("ERISA") to recover benefits due under the terms of a health benefits plan, 29 U.S.C. § 1332(a)(1)(B), and for statutory penalties because of Defendants' alleged failure to furnish a copy of certain plan documents, 29 U.S.C. §§ 1332(a)(1)(A) and (c)(1). (Dkt. 14, ¶ 1.)

Plaintiff provides chiropractic and other medical treatments to patients covered under an ERISA group health benefits plan, Cigna Plan No. xxxx2807 (the "Plan"). (Dkt. 14 ¶¶ 2, 5.) The Plan is operated in accordance with the terms set forth in the summary plan document ("SPD"). (*Id.* ¶¶ 14, 17, 28, 32.) According to the SPD, Defendant Ritchie Bros. is the Plan Administrator and self-funds the Plan's health

benefits, and Defendant Cigna is the Claims Administrator that processes the claims related to the self-funded benefits.[1] (Dkt. 14-5 at 87.)

Plaintiff provided Robert Slavin ("Patient") with chiropractic treatment. (*Id.* ¶ 2.) The treatment was covered under the Plan. (*Id.*) Plaintiff, as Patient's authorized representative, submitted claims for the chiropractic treatments to Defendants. (*Id.* ¶ 12.) Defendants denied payment for certain treatments. (*Id.* ¶ 13.) Plaintiff thrice appealed Defendants' denials, but Defendants did not respond to the first and third appeals and rejected the second appeal. (*Id.* ¶¶ 14-20.)

Plaintiff subsequently filed suit, asserting two counts against Defendants in the Amended Complaint: recovery of benefits (Count I) and recovery of statutory penalties (Count II). *See* 29 U.S.C. §§ 1132(a)(1)(A) and (B); (*Id.* ¶¶ 21-33.) As Patient's authorized representative, Plaintiff maintains that it has authority to sue on Patient's behalf because "Patient has conveyed to Plaintiff all rights to pursue recovery of benefits due under the Plan . . . and to bring derivative actions on his behalf . . . ." (*Id.* ¶ 3.)

Defendants subsequently filed separate motions to dismiss the Amended Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 17 and 19.) In their motions, Defendants both argue that Counts I and II should be dismissed

---

[1] In addition to the allegations in the complaint itself, the Court can consider "documents attached to the complaint" and "documents that are critical to the complaint and referred to in it" when deciding a motion to dismiss. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). The SPD is attached to Plaintiff's Amended Complaint, referred to within the Amended Complaint, and critical to resolving the present motion to dismiss. (*See* Dkt. 14-5.) Accordingly, the Court will consider the SPD when deciding the present motion to dismiss. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (proper for district court to consider SPD without converting motion to dismiss to a motion for summary judgment).

because Plaintiff does not hold a valid assignment of Patient's right to sue due to the SPD's anti-assignment clause. (Dkt. 18 at 6; Dkt. 20 at 2.) Individually, Defendant Cigna also contends that Counts I and II should be dismissed because Cigna is an improper defendant. (Dkt. 18 at 5–8.)

The anti-assignment clause facially bars patients from assigning their rights to sue, but a separate provision of the SPD states that authorized representatives may sue on behalf of patients. The SPD is thus ambiguous regarding whether Plaintiff, as Patient's authorized representative, can maintain the present ERISA suit, and the Amended Complaint cannot be dismissed on this ground. Counts I and II must be dismissed as to Defendant Cigna, however, because Cigna, as the Claims Administrator, is not the obligor for payment of benefits and is not responsible for furnishing Plan documents. Accordingly, Defendant Ritchie Bros.' motion to dismiss is denied, and Defendant Cigna's motion to dismiss is granted with prejudice.

I.     LEGAL STANDARD

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Ord. of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put another way, the complaint must present a "short, plain, and plausible factual narrative that

conveys a story that holds together." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777 (7th Cir. 2022). In evaluating a motion to dismiss, the Court must accept as true the complaint's factual allegations and draw reasonable inferences in the Plaintiff's favor. *Iqbal*, 556 U.S. at 678. But even though factual allegations are entitled to the assumption of truth, mere legal conclusions are not. *Id.* at 678–79.

## II. DISCUSSION

### A. The SPD Is Ambiguous Regarding Whether Plaintiff May Sue as Patient's Authorized Representative.

ERISA authorizes a "participant or beneficiary" to bring a civil action for statutory penalties or "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1). Medical providers, however, may not sue under ERISA unless there is a valid assignment of rights from a plan participant or beneficiary. *See W.A. Griffin v. Seven Corners, Inc.*, 2021 WL 6102167, at *2 (7th Cir. Dec. 22, 2021) (whether a medical provider can sue is "not [an issue] of standing but of statutory coverage" under § 1132(a)(1)(B)'s text authorizing civil actions by "participant[s] or beneficiary[ies]"); *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 615 (7th Cir. 2002) ("[A] properly assigned ERISA claim makes the assignee a participant or beneficiary within the meaning of the Act."). But an assignment is only valid if "the ERISA plan permits assignment, assignability being a matter of freedom of contract." *Morlan*, 298 F.3d at 615.

Medical providers' ERISA claims are typically barred when the SPD contains an anti-assignment clause. For example, when the SPD "states unambiguously that its benefits and rights may not be assigned without written consent" and a medical

4

provider fails to obtain such consent, "she is not a valid assignee." *W.A. Griffin*, 2021 WL 6102167, at *2 (granting summary judgment for plan administrator). Indeed, two other judges in this District recently dismissed identical ERISA claims made by Plaintiff against insurer defendants (including Cigna) because of an anti-assignment clause. *See Advanced Physical Med. of Yorkville, Ltd. v. Cigna Healthcare of Ill. Inc.*, 2023 WL 358575 (N.D. Ill. Jan. 23, 2023) (dismissing with prejudice ERISA claims for benefits and penalties because of SDP's anti-assignment clause); *Advanced Physical Med. of Yorkville, Ltd. v. Blue Cross & Blue Shield of Neb.*, 2022 WL 2064855, at *2–3 (N.D. Ill. June 8, 2022) (same).

Defendants argue that the SPD explicitly prohibits assignment of the Patient's right to sue for benefits and penalties. The SPD's "Assignment and Payment of Benefits" provision says:

> You may not assign to any party, including but not limited to, a provider of health care services/items, your right to benefits under this Plan, nor may you assign any administrative, statutory, or legal rights or causes of action you may have under ERISA, if ERISA is applicable, including but not limited to, any right to make a claim for Plan benefits, to request Plan or other documents, to file appeals of denied claims or grievances, or to file lawsuits under ERISA, if ERISA is applicable. Any attempt to assign such rights shall be void and unenforceable under all circumstances.
>
> You may, however, authorize payment of any health care benefits under this Plan to a Participating Provider or a provider who is not a Participating Provider . . . You may not interpret or rely upon this discrete authorization or permission to pay any health care benefits . . . as the authority to assign any other rights under this Plan to any party, including but not limited to, a provider of health care service/items.

5

(Dkt. 14-5 at 68 (emphasis added).) Read in isolation, the Court agrees that the SPD's anti-assignment clause prohibits Patient from assigning to Plaintiff his right to sue for benefits and penalties.

Plaintiff, however, points to a separate SPD provision that purportedly conflicts with the anti-assignment clause because it allows authorized representatives, such as Plaintiff, to file suit in federal court. (Dkt. 24 at 5-6.) The SPD's "Legal Action" provision states that "*you* have the right to bring a civil action under ERISA section 502(a) if you are not satisfied with the outcome of the Appeals Procedure," and the SPD defines "you" as "the Covered Member, and also . . . a representative or provider designated by you to act on your behalf." (Dkt. 14-5 at 56, 61 (emphasis added).) Plaintiff is a provider that has been designated by Patient to act on Patient's behalf. The SPD's "Legal Action" provision thus appears to allow Plaintiff, as authorized representative, to bring an ERISA action on behalf of Patient.

Plaintiff plausibly contends that the two clauses conflict and create ambiguity regarding whether authorized representatives are permitted to sue under ERISA on behalf of a plan participant. The "Legal Action" provision states that "you," meaning the "Covered Member" or designated "representative or provider," have "the right to bring a civil action under ERISA section 502(a)." (Dkt. 14-5 at 56, 61.) Authorized representatives, however, need a valid assignment from the plan participant or beneficiary to bring suit. *See W.A. Griffin*, 2021 WL 6102167, at *2. To give effect to the "Legal Action" provision, the SPD would have to allow assignment of the right to sue because it is a necessary condition for authorized representatives to be statutorily

6

eligible to file suit under ERISA. Yet the anti-assignment clause bars any such assignments, which would render the Legal Action clause meaningless. *See Curia v. Nelson*, 587 F.3d 824, 829 (7th Cir. 2009) (Contracts should be interpreted to "ascribe[] meaning to every clause, phrase and word used" and "nothing should be rejected as meaningless, or surplusage.").

Defendants attempt to harmonize the seemingly conflicting provisions, arguing that when read in conjunction, the two provisions provide "that the right to *payment of any health care benefits* may be assigned to others, but that the *right to benefits or causes of action* may not be assigned." (Dkt. 27 at 2 (emphasis in original).) This reading does not account for the two clauses. Defendants' interpretation merely restates the two paragraphs comprising the anti-assignment clause: the first paragraph prohibits assignment of benefits and the right to sue, and the second paragraph permits assignment of the right to payment. (Dkt. 14-5 at 68.) It does not, however, give independent meaning to the "Legal Action" provision that permits authorized representatives to sue on behalf of patients.

At the motion to dismiss stage, the Court cannot resolve this ambiguity. *See Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 526 (7th Cir. 2022) ("If the language of an alleged contract is ambiguous regarding the parties' intent, the interpretation of the language is a question of fact which a court cannot properly determine on a motion to dismiss.") (cleaned up); *Charter Oak Fire Ins. Co. v. Wisconsin Elec. Power Co.*, 262 F. Supp. 3d 760, 768 (E.D. Wis. 2017) (the defendant "can succeed on its motion to dismiss only if the cited portions of the contract

unambiguously bar [the plaintiff's] claims"). Accordingly, at this pleading stage, Defendants motion to dismiss for lack of statutory standing must be denied.

### B. Defendant Cigna is Not a Proper Defendant.

Defendant Cigna also moves to dismiss Counts I and II, arguing that it is not a proper defendant. As to Count I, which seeks recovery of unpaid benefits, Cigna contends it is an improper defendant because, as Claim Administrator, it "is not the party having the obligation to pay the benefits" Plaintiff seeks. (*Id.* at 6.) Count II should also be dismissed, according to Cigna, because any claim for penalties based on the failure to provide Plan documents must be asserted against Ritchie Bros., the Plan Administrator. (*Id.* at 8.) Plaintiff responds, however, that Cigna is a proper defendant because it "had the right and duty to administer, determine benefits, and pay claims (even if the ultimate payment was drawn from Ritchie funds)." (Dkt. 24 at 7.) And to the extent the Amended Complaint fails to allege that Cigna "retained the right and obligation to determine eligibility and pay out claims," Plaintiff requests leave to file a Second Amended Complaint. (*Id.* at 7–8.)

A cause of action for benefits due under 29 U.S.C. § 1332(a)(1)(B) "must be brought against the party having the obligation to pay. In other words, the *obligor* is the proper defendant on an ERISA claim to recover plan benefits." *Larson v. United Healthcare Ins. Co.*, 723 F.3d 905, 913 (7th Cir. 2013) (emphasis in original). Typically, the plan is the proper defendant because it owes the benefits and is thus the obligor. *Id.* But "insurance companies are the obligors and may be sued under ERISA for benefits due" if they "have both the authority to decide all eligibility

8

questions and benefits questions *and* the obligation to pay the claims." *Id.* (emphasis in original).

The SPD states that Cigna has no obligation to pay benefits: Ritchie Bros. self-funds the benefits and Cigna "does not insure nor guarantee the self-funded benefits." (Dkt. 14-5 at 87.) *See Aerocare Med. Transp. Sys. v. Cigna Health Mgmt.*, 2020 WL 469301, at *2–*3 (N.D. Ill. Jan. 29, 2020) (dismissing claim for benefits under § 1132(a)(1)(B) because "benefits under the plan are self-insured by [the employer]," meaning "[the employer], rather than Cigna, is the obligor"); *Kunz v. Liebovich Bros., Inc.*, 2016 WL 3093045, at *2 (N.D. Ill. May 31, 2016) (dismissing § 1132(a)(1)(B) claim because allegation that insurer "would make a final determination of benefits . . . does nothing to show that [the insurer] was in some way obligated to pay benefits"); *Reinwand v. Bradley*, 2018 WL 1750464, at *1 (W.D. Wis. Feb. 5, 2018). Accordingly, Count I must be dismissed as to Cigna. This dismissal must be with prejudice because there is no dispute that Ritchie Bros. is the party financially responsible for paying benefits, and Cigna merely determines the payment amounts as Claim Administrator. *Kunz*, 2016 WL 3093045, at *3 (denying leave to amend because "plaintiff has pleaded himself out of court" by "alleging that [the employer], and not [the insurer], is the obligor").

Count II must also be dismissed with prejudice as to Cigna because a claim for statutory penalties based on the failure to provide Plan documents may only be asserted against the Plan Administrator (Ritchie Bros.), not the Claims Administrator (Cigna). *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th

Cir. 2009) (liability for failure to provide Plan documents "is confined to the plan administrator" and courts "have rejected the contention that other parties, including the claims administrators, can be held liable"); *see Advanced Phys. Med. v. Cigna*, 2023 WL 358575, at *3 (dismissing with prejudice "claim for failure to provide plan documents" asserted against parties that were not the plan administrator); *Advanced Phys. Med. v. Blue Cross*, 2022 WL 2064855, at *3 (same).

### III. CONCLUSION

Defendant Ritchie Bros.' motion to dismiss (Dkt. 19) is denied. Defendant Cigna's motion to dismiss (Dkt. 17.) is granted. Counts I and II are dismissed with prejudice as to Cigna.

SO ORDERED in No. 22-cv-02972.

Date: September 8, 2023

JOHN F. KNESS
United States District Judge